

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR: 4:04CR70005 |
| | ) | |
| vs. | ) | **SUPERSEDING** |
| | ) | **INDICTMENT** |
| DAVID MATTHEW HOMER | ) | |
| | ) | *In Violation of:* |
| | ) | *Title 18, U.S.C. 2251(b) & (d)* |
| | ) | *Title 18, U.S.C. 2252(a)(1) & (b)(1)* |

## INTRODUCTION

At all times relevant to this Indictment, the defendant, DAVID MATTHEW HOMER, resided in the Commonwealth of Massachusetts and moved, with his family, to Bassett, Virginia on or about May, 2003. During the dates set forth in this Indictment, the defendant, DAVID MATTHEW HOMER, was the step-father and exercised custody and control of the following minors: John Doe 1, date of birth July 15, 1989; John Doe 2, date of birth February 1, 1991; and John Doe 3, date of birth September 14, 1995. While the above referenced minors were in the defendant's custody and control, the defendant, on multiple occasions, engaged in sexually explicit conduct with each of them. On some of these occasions, the defendant used video recording devices and a digital camera to produce visual depictions of such conduct. Several of the video recordings were transported from the Commonwealth of Massachusetts to the Commonwealth of Virginia

on or about May, 2003, while others were produced in the Commonwealth of Virginia and transmitted by electronic mail, via the internet, to persons unknown. All of the video recordings and digital photographs were produced with equipment and materials that had been mailed, shipped or transported in interstate or foreign commerce.

## COUNT ONE
### (Sexual Exploitation of Children)

The Grand Jury charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about September 5, 2002, the defendant, DAVID MATTHEW HOMER, being a parent, legal guardian or person having custody or control of a minor, "John Doe 2", did knowingly permit such minor to engage in, or to assist any other person to engage in, sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, and such depiction was actually transported in interstate or foreign commerce, into the Western District of Virginia.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony

conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Section 2251(b) and (e).

## COUNT TWO
### (Sexual Exploitation of Children)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about October 24, 2002, the defendant, DAVID MATTHEW HOMER, being a parent, legal guardian or person having custody or control of a minor, "John Doe 2", did knowingly permit such minor to engage in, or to assist any other person to engage in, sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, and such depiction was actually transported in interstate or foreign commerce, into the Western District of Virginia.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2.  All in violation of Title 18, United States Code, Section 2251(b) and (e).

## COUNT THREE
### (Sexual Exploitation of Children)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about March 6, 2003, the defendant, DAVID MATTHEW HOMER, being a parent, legal guardian or person having custody or control of a minor, "John Doe 1", did knowingly permit such minor to engage in, or to assist any other person to engage in, sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, and such depiction was actually transported in interstate or foreign commerce, into the Western District of Virginia.

1.  That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2.  All in violation of Title 18, United States Code, Section 2251(b) and (e).

## COUNT FOUR
### (Sexual Exploitation of Children)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

On or about April 28, 2003, the defendant, DAVID MATTHEW HOMER, being a parent, legal guardian or person having custody or control of a minor, "John Doe 3", did knowingly permit such minor to engage in, or to assist any other person to engage in, sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, and such depiction was actually transported in interstate or foreign commerce, into the Western District of Virginia.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Section 2251(b) and (e).

## COUNT FIVE
## (Illegal Transportation of Child Pornography)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

Between on or about May 1, 2003 and December 30, 2003, in the Western District of Virginia, the defendant, DAVID MATTHEW HOMER, did knowingly transport or ship in interstate or foreign commerce by any means, including by computer or mails, a visual depiction, dated on or about September 5, 2002, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, which visual depiction was of such conduct.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Section 2252(a) and (b)(1).

## COUNT SIX
## (Illegal Transportation of Child Pornography)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

Between on or about May 1, 2003 and December 30, 2003, in the Western District of Virginia, the defendant, DAVID MATTHEW HOMER, did knowingly transport or ship in interstate or foreign commerce by any means, including by computer or mails, a visual depiction dated on or about October 24, 2002, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, which visual depiction was of such conduct.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Section 2252(a) and (b)(1).

## COUNT SEVEN
## (Illegal Transportation of Child Pornography)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

Between on or about May 1, 2003 and December 30, 2003, in the Western District of Virginia, the defendant, DAVID MATTHEW HOMER, did knowingly transport or ship in interstate or foreign commerce by any means, including by computer or mails, visual depictions dated on or about March 6, 2003 and on or about April 28, 2003, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, which visual depiction was of such conduct.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Section 2252(a) and (b)(1).

## COUNT EIGHT
## (Sexual Exploitation of Children)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

At a time unknown to the Grand Jury, but sometime between on or about May 1, 2003, and December 30, 2003, in the Western District of Virginia, the defendant, DAVID MATTHEW HOMER, being a parent, legal guardian or person having custody or control of minors, John Doe 1 and John Doe 2, did knowingly permit such minors to engage in, or to assist any other person to engage in, sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, specifically a video tape, and that such depiction was actually transported in interstate or foreign commerce by computer or was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Sections 2251(b) and (e) and 3559(e).

## COUNT NINE
### (Sexual Exploitation of Children)

The Grand Jury further charges that:

The Introduction to this Superseding Indictment is realleged and incorporated by reference as if fully set forth herein.

At a time unknown to the Grand Jury, but sometime between on or about May 1, 2003, and December 30, 2003, in the Western District of Virginia, the defendant, DAVID MATTHEW HOMER, being a parent, legal guardian or person having custody or control of minors, John Doe 1, John Doe 2 and John Doe 3, did knowingly permit such minors to engage in, or to assist any other person to engage in, sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing a visual depiction of such conduct, specifically digital photographs, and that such depictions were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, by any means, including computer.

1. That prior to the date of this offense, the defendant, DAVID MATTHEW HOMER, had been previously convicted of a crime involving the sexual exploitation of children. Specifically, the defendant had sustained a felony

conviction for indecent assault and battery on a child under the age of 14 years.

2. All in violation of Title 18, United States Code, Sections 2251(b) and (e) and 3559(e).

A TRUE BILL, this 21st day of April, 2005.

																											_____
																											FOREPERSON

_____
JOHN L. BROWNLEE
UNITED STATES ATTORNEY